UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LORENA BELSOME LAJAUNIE, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 07-3626** |
| **CSR LTD, ET AL.** | * | **SECTION "L" (3)** |

### ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 5). The Court heard oral argument and granted this motion, stating that written reasons would follow. Accordingly, for the following reasons, IT IS ORDERED that this matter be REMANDED to state court.

### I.   BACKGROUND

The Plaintiffs in this case are the widow and surviving family members of Mr. Henry Lajaunie, who allegedly was exposed to asbestos during the 1970s while employed at the Johns-Manville plant in Marrero, Louisiana and the Hunt-Wesson plant in Gretna, Louisiana, and who passed away in 2004. The Plaintiffs filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on June 22, 2005 against Conagra Grocery Products Limited ("Conagra"), the successor corporation of Hunt-Wesson, and several of its executive officers, alleging that the defendants negligently failed to provide Mr. Lajaunie a safe working environment.

The Plaintiffs are citizens of Louisiana and Conagra is a Delaware corporation with its principal place of business in California. Conagra was served with the original petition on July

1

2, 2005.  However, the Plaintiffs did not know the citizenship of the executive officers named as defendants in the original petition, and as a result, they were not formally served.  In an attempt to discover the citizenship of these parties, the Plaintiffs also simultaneously served Conagra with interrogatories requesting citizenship information for the corporate executives.

On April 26, 2006, Conagra responded to the Plaintiffs' discovery request and provided citizenship information for the various executives named in the original petition.  Based on the information provided by Conagra, it appeared that the executive officers were also diverse from the Plaintiffs.  Accordingly, on April 27, 2007, the Plaintiffs filed a First Supplemental and Amending Petition, adding claims against Conagra's insurer and specifying the executives' citizenship.  This Supplemental and Amending Petition was served on all defendants throughout June of 2007.

On July 5, 2007, several of the executive officer defendants filed a notice of removal, bringing this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  One week later, on July 12, 2007, the Plaintiffs filed the instant motion to remand.  The Plaintiffs contend that the executives' removal was untimely, and that this matter should be remanded to state court.

**II.    LAW & ANALYSIS**

The relevant statute, 28 U.S.C. § 1446(b), sets forth the following guidelines regarding removal of actions from state court:

> The notice of removal of a civil action or proceeding shall be filed within *thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may

2

> be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added).  Assuming this case was not initially removable because of the Plaintiffs inability to identify the citizenship of the executive officers, then the one-year limitation on removal in § 1446(b) applies.  This case was commenced on July 2, 2005.  It was not removed until July 5, 2007, more than two years after commencement.  Therefore, the removal appears to be untimely.[1]

This does not end the Court's analysis, however, because "[s]ection 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit."  *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003).  In this case, the Plaintiffs have not manipulated their pleadings to avoid federal jurisdiction.  Rather, they were merely ignorant of the citizenship of individual defendants when they filed suit and asked Conagra for this information.  Conagra took almost a year to respond to the Plaintiffs' request.  Although the Plaintiffs waited another year before amending their petition, the majority of the § 1446(b) time ran while the "ball" was in Conagra's "court."  Recognizing that "[i]n enacting § 1446(b), Congress intended to reduc[e] opportunity for removal after substantial progress has been made in state court," *id.* at 427 (internal quotation omitted), the Court finds that an "equitable exception" to the one-year limit is not warranted in this case.

---

[1] If the case were initially removable, the same result would be dictated because Conagra, the first-served defendant, did not remove the matter within thirty days of service.

## III.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand (Rec. Doc. 5) is GRANTED and that this matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana this 20th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE